IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-CR-20031 |
| vs. ) | |
| ) | Title 18, United States Code, |
| STEPHAN CAAMANO, ) | Sections 1956(a)(1)(B)(i), |
| ) | 1957(a) & (d)(1), and 2320(a)(4); |
| Defendant. ) | Title 21, United States Code, |
| ) | Section 841(a) & (b)(2). |
| ) | |

**S U P E R S E D I N G
I N D I C T M E N T**

**COUNT ONE**
**(Trafficking in a Counterfeit Drug)**

**THE GRAND JURY CHARGES:**

From in or about March 2017 through in or about May 2018, in Champaign County, in the Central District of Illinois,

**STEPHAN CAAMANO,**

the defendant herein, knowingly and intentionally did traffic and attempt to traffic in a counterfeit drug, knowing this drug was counterfeit, in that he transferred to another quantities of pills containing alprazolam, a Schedule IV controlled substance, and marked as "Xanax" knowing that this controlled substance was not the drug Xanax, manufactured by Pfizer, but instead was a counterfeit drug.

All in violation of Title 18, United States Code, Section 2320(a)(4).

## COUNT TWO
### (Distribution of a Controlled Substance)

**THE GRAND JURY CHARGES:**

On or about March 8, 2018, in Champaign County, in the Central District of Illinois,

**STEPHAN CAAMANO,**

the defendant herein, knowingly and intentionally distributed alprazolam, a Schedule IV controlled substance.

All in violation of Title 21, United States Code, Section 841(a) and (b)(2).

## COUNT THREE
### (Distribution of a Controlled Substance)

**THE GRAND JURY CHARGES:**

On or about March 13, 2018, in Champaign County, in the Central District of Illinois,

**STEPHAN CAAMANO,**

the defendant herein, knowingly and intentionally distributed alprazolam, a Schedule IV controlled substance.

All in violation of Title 21, United States Code, Section 841(a) and (b)(2).

## COUNT FOUR
### (Money Laundering)

**THE GRAND JURY CHARGES:**

On or about April 12, 2017, in Champaign County, in the Central District of Illinois,

**STEPHAN CAAMANO,**

the defendant herein, did knowingly conduct and cause to be conducted a financial transaction affecting interstate commerce, that is, the payment of Bitcoin in exchange for gold bullion from Provident Metals, which involved the proceeds of a specified unlawful activity, that is, the trafficking of a drug while using a counterfeit mark on such drug in violation of Title 18, United States Code, Section 2320(a)(4), knowing that the transaction was designed in whole and in part to conceal the nature, source, ownership, and control of the proceeds of the foregoing specified unlawful activity and, while conducting and causing to be conducted such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### COUNT FIVE
### (Money Laundering)

**THE GRAND JURY CHARGES:**

On or about June 9, 2017, in Champaign County, in the Central District of Illinois,

**STEPHAN CAAMANO,**

the defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, that is, the payment of Bitcoin in exchange for gold bullion from Money Metals Exchange, which involved the proceeds of a specified unlawful activity, that is, the trafficking of a drug while using a counterfeit mark on such drug in violation of Title 18, United States Code, Section 2320(a)(4), knowing that the transaction was designed in whole and in part to conceal the nature, source,

ownership, and control of the proceeds of the foregoing specified unlawful activity and, while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### COUNT SIX
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

**THE GRAND JURY CHARGES:**

On or about July 31, 2017, in Champaign County, in the Central District of Illinois,

**STEPHAN CAAMANO,**

the defendant herein, did knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, namely a wire transfer from the Navy Federal Credit Union account ending in 1721 to Chicago Title and Trust Company in the amount of $235,500.00 United States currency, such property having been derived from a specified unlawful activity, that is, the trafficking of a drug while using a counterfeit mark on such drug in violation of Title 18, United States Code, Section 2320(a)(4).

All in violation of Title 18, United States Code, Section 1957(a) and (d)(1).

## COUNT SEVEN
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

**THE GRAND JURY CHARGES:**

On or about August 30, 2017, in Champaign County, in the Central District of Illinois,

**STEPHAN CAAMANO,**

the defendant herein, did knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, namely the withdrawal and transfer of funds by personal check from the Navy Federal Credit Union account ending in 1721 to Napleton's Toyota in the amount of $25,936.15, such property having been derived from a specified unlawful activity, that is, the trafficking of a drug while using a counterfeit mark on such drug in violation of Title 18, United States Code, Section 2320(a)(4).

All in violation of Title 18, United States Code, Section 1957(a) and (d)(1).

## FORFEITURE ALLEGATION

**THE GRAND JURY CHARGES:**

1.  The Grand Jury re-alleges and incorporates by reference the allegations of Counts One through Seven of this Indictment as though fully set forth herein, for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2323(a)(1); Title 21, United States Code, Section 853; Title 18, United States Code, Section 982(a)(1); and Title 28, United States Code, Section 2461(c).

2. Between March 1, 2017, and May 29, 2018, in Champaign County, in the Central District of Illinois,

**STEPHAN CAAMANO,**

the defendant herein, did engage in knowing violations of Title 18, United States Code, Section 2320(a)(4), Title 21, United States Code, Section 841(a) and (b)(2), and Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a), (d)(1), thereby subjecting to forfeiture to the United States, pursuant to Title 18, United States Code, Section 2323, Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1), any proceeds of the offense or property derived from proceeds of the offense and any property used to commit or facilitate the offense, including but not limited to the following:

  a. $45,910.56 in United States Currency located in Navy Federal Credit Union account 7029731721;

  b. real property located at 1510 Glenshire Drive, Champaign, IL 61822;

  c. 2017 Toyota RAV4 assigned vehicle identification number 2T3BFREV5HW647548;

  d. 1.3 million Globitex tokens;

  e. 350.7645 Ethereum coins;

  f. 64,551.109 Ark coins;

  g. 1,036 Neo coins;

  h. 47.3147 GAS coins;

  i. 103.6 Ontology coins;

    j. 1,000 MCT;

    k. the contents of the Ethereum cryptocurrency wallet with identification no. 0xc4ad01fed02c48e8230b0971642c7da19b423f3;

    l. Lenovo Thinkpad computer, serial number PF-0QGV1S;

    m. Lenovo YB1-X90F tablet;

    n. ADATA USB hard drive, serial number 1D2220085976;

    o. Fujitsu USB hard drive, serial number K94NT9525TT3;

    p. Intel NVMe SSD hard drive, serial number BTPY640507PT256D;

    q. CyberPowerPC computer tower, serial number AB2128-805991-4; and

    r. the contents of all other cryptocurrency wallets contained on above computers, hard drives, and computer towers described in l through q above.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL.
s/Foreperson

FOREPERSON

s/Gregory Harris

JOHN E. CHILDRESS
United States Attorney
RER