E-FILED
Monday, 29 April, 2019  01:21:57 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 18-CR-20031 |
| | ) | |
| STEPHAN CAAMANO, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
APR 29 2019
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## MEMORANDUM OF LAW

NOW COMES the United States of America by John C. Milhiser, United States Attorney for the Central District of Illinois, and Rachel Ritzer, Assistant United States Attorney, and hereby submits the following:

On October 3, 2018, the defendant was charged by superseding indictment with seven counts of criminal conduct.  It is the understanding of the United States that the defendant intends to plead guilty to each of the seven pending counts against him on April 29. 2019.  The following are the elements and potential penalties facing the defendant upon a finding of guilt.

## Count 1: Trafficking in a Counterfeit Drug

To sustain a finding of guilt on Count 1, Trafficking in a Counterfeit Drug in violation of 18 U.S.C. § 2320(a)(4), the United States must prove each of the following elements beyond a reasonable doubt:

1. The defendant trafficked in a counterfeit drug; and

2. The defendant knew the drug was counterfeit; and

3.   The defendant used a counterfeit mark on or in connection with the drug; and

4.   The trafficking was intentional.

The term "traffic" means "to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer or otherwise dispose of…." 18 U.S.C. § 2320(f)(5).

The term "counterfeit mark" includes: "a spurious mark – (i) that is used in connection with trafficking in any goods, services, labels. . . or packaging of any type or nature; (ii) that is identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant knew such mark was so registered; (iii) that is applied to or used in connection with the goods or services for which the mark is registered with the United States Patent and Trademark Office, or is applied to or consists of a label. . . or packaging of any type or nature that is designed, marketed, or otherwise intended to be used on or in connection with the goods or services for which the mark is registered in the United States Patent and Trademark Office; and (iv) the use of which is likely to cause confusion, to cause mistake, or to deceive. . . ." 18 U.S.C. §2320(f)(1).

The term "financial gain" includes the receipt or expected receipt of anything of value.  18 U.S.C. § 2320(f)(2).

Pills or tablets containing alprazolam, qualify as "drugs" under the Federal Food, Drug, and Cosmetic Act 21 U.S.C. § 321(g)(1).

If the defendant pleads guilty or is convicted of this count, he faces the following potential penalties:

1. A maximum term of imprisonment of 20 years;

2. A maximum $5 million fine;

3. A term of supervised release of not more than three years; and

4. A mandatory $100.00 special assessment.

### Counts 2 and 3: Distribution of a Controlled Substance (Alprazolam)

To sustain a finding of guilt on Counts 2 and 3, Distribution of a Controlled Substance, being Alprazolam, in violation of 21 U.S.C. § 841(a) and (b)(2), the United States must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly distributed alprazolam;

2. The substance was, in fact, alprazolam; and

3. The defendant knew the substance contained some kind of controlled substance.

The term "knowingly" means the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

If the defendant pleads guilty or is convicted of these counts, he faces the following potential penalties for each count:

1. A maximum term of imprisonment of five years;

2. A maximum fine of $250,000.00;

3. A term of supervised release of not less than one year; and

4.   A mandatory $100.00 special assessment.

### Counts 4 and 5: Laundering of Monetary Instruments

To sustain a finding of guilty on Counts 4 and 5, Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i), the United States must prove each of the following elements beyond a reasonable doubt:

1.   The defendant knowingly conducted or attempted to conduct a financial transaction;

2.   Some or all of the property involved in the financial transaction was proceeds of a specified unlawful activity, being trafficking in counterfeit drugs;

3.   The defendant knew that the property involved in the financial transaction represented proceeds of some form of unlawful activity; and

4.   The defendant knew that the transaction was designed in whole or in part to conceal the source of the proceeds of the specified unlawful activity, being trafficking in counterfeit drugs.

The term "proceeds" is defined as any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.  18 U.S.C. § 1956(c)(9).

To prove this offense, the government must only prove that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of activity that constitutes a felony under state, federal, or foreign law.  The government is not required to prove that the defendant knew that the property involved in the transaction represented the proceeds of trafficking in a counterfeit drug.

The term "financial transaction" includes a transaction which in any way or degree affects interstate commerce involving the movement of funds by wire or other means or involving one or more monetary instruments, including transactions conducted utilizing cryptocurrency. 18 U.S.C. § 1956(c)(4).

If the defendant pleads guilty or is convicted of these counts, he faces the following potential penalties for each count:

1. A maximum term of imprisonment of 20 years;

2. A maximum fine of $500,000.00 or twice the amount involved in the transaction, whichever is greater;[1]

3. A term of supervised release of not more than three years; and

4. A mandatory $100.00 special assessment.

## Counts 6 and 7: Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity, Being Trafficking in a Counterfeit Drug

To sustain a finding of guilt on Counts 6 and 7, Engaging in Monetary Transaction in Property Derived from a Specified Unlawful Activity, being Trafficking in a Counterfeit Drug, in violation of 18 U.S.C. § 1957(a) and (d)(1), the United States must prove each of the following elements beyond a reasonable doubt:

1. The defendant engaged in a monetary transaction;

2. The property had a value greater than $10,000.00;

---

[1] As the amounts alleged in Counts 4 and 5 of the superseding indictment, filed October 3, 2018, are $18,897.62 and $18,531.10, respectively, the total fine amount will be not greater than $500,000.00 for each count.

3.  The property was derived from a specified unlawful activity, being trafficking in a counterfeit drug;

4.  The defendant knew the transaction involved criminally derived property; and

5.  The monetary transaction took place within the United States.

The term "financial institution" includes commercial banks, credit unions, and trust companies.  18 U.S.C. § 1956(c)(6).

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument through, or to, a financial institution.  18 U.S.C. § 1957(f)(1).

The term "monetary instruments" includes cash, bank checks, wire transfers, or money orders.  18 U.S.C. § 1956(c)(5).

If the defendant pleads guilty or is convicted of these counts, he faces the following potential penalties for each count:

1.  A maximum term of imprisonment of 10 years;

2.  A maximum fine of $250,000.000 or twice the amount of the criminally derived property involved in the transaction, whichever is greater;[2]

3.  A maximum term of supervised release of three years; and

4.  A mandatory $100.00 special assessment.

---

[2] As the amounts alleged in Counts 6 and 7 of the superseding indictment, filed October 3, 2018, are $235,500.00 and $25,936.15, respectively, the total fine amount will be as follows: For Count 6, a maximum fine of $471,000.00; for Count 7, a maximum fine of $250,000.00.

It is within the authority of this Court to order any sentences imposed to be served consecutively.  18 U.S.C. § 3584(a).  Therefore, the maximum potential penalties which could be imposed upon a plea or finding of guilt on all seven counts is:

1.  A term of imprisonment of up to 90 years;

2.  A maximum term of supervised release of 17 years;

3.  A maximum fine of $4,221,000,000; and

4.  A $700.00 mandatory special assessment.

Respectfully submitted,
JOHN C. MILHISER
UNITED STATES ATTORNEY

*s/ Rachel E. Ritzer*
Rachel E. Ritzer, Illinois Bar No. 6309905
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  (217) 373-5875
Fax:  (217) 373-5891
rachel.ritzer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document in open court with the Clerk of the Court on April 29, 2019, and provided by hand-delivery service of this filing to counsel of record.

s/ Rachel E. Ritzer
Rachel E. Ritzer, Illinois Bar No. 6309905
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: (217) 373-5875
Fax: (217) 373-5891
rachel.ritzer@usdoj.gov