UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   18-cr-20031 |
| | ) | |
| **STEPHAN CAAMANO,** | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE
## AND MONEY JUDGMENT

This matter is before the Court on the Government's motion for entry of a preliminary order of forfeiture and for the entry of a money judgment upon Defendant Stephan Caamano's guilty plea to Counts 1 through 7 of the Superseding Indictment and pursuant to 18 U.S.C. § 2323, 21 U.S.C. § 853, 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, the Court finds as follows:

1.   The Superseding Indictment in this cause sought forfeiture, pursuant to 18 U.S.C. § 2323, 21 U.S.C. § 853, and 18 U.S.C. § 982(a)(1), of certain property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses, and any property used to commit or to facilitate the commission of the offenses charged in the Superseding Indictment, including but not limited to the following:

(a)   $45,910.56 in U.S. currency located in Navy Federal Credit Union Account

7029731721;

    (b)    Real property located at 1510 Glenshire Drive, Champaign, Illinois;

    (c)    One 2017 Toyota RAV4, VIN No. 2T3BFREV5HW647548;

    (d)    1.3 million Globitex tokens;

    (e)    350.7645 Ethereum coins;

    (f)    64,551.109 Ark coins;

    (g)    1,036 Neo coins;

    (h)    47.3147 GAS coins;

    (i)    103.6 Ontology coins;

    (j)    1,000 MCT;

    (k)    the contents of the Ethereum Cryptocurrency wallet with identification no. 0xc4ad01fed02c48e8230b0971642c7da19b423f3;

    (l)    Lenovo Thinkpad computer, Serial No. PEREZ:-0QGV1S;

    (m)    Lenovo YB1-X90F Tablet;

    (n)    ADATA USB Hard Drive, Serial No. 1D2220085976;

    (o)    Fujitsu USB Hard Drive, Serial No. K94NT9525TT3;

    (p)    Intel NVMe SSD Hard Drive, Serial No. BTPY640507PT256D;

    (q)    CyberPower PC Computer Tower, Serial No. AB2128-805991-4; and

    (r)    the contents of all other cryptocurrency wallets contained on above computers, hard drives and computer towers described in Subparagraphs (l) through

(q) above.

2. The United States also sought the entry of a personal money judgment against the defendant, pursuant to Rule 32.2(b) and (c) of the Rules of Criminal Procedure and 18 U.S.C. § 982, in the amount of at least $2,120,000.00, which shall include the proceeds from the disposal of the assets forfeited in this Order, said money judgment being the amount of the proceeds derived by the defendant from his commission of the offenses for which he was convicted.

3. Based upon the defendant's guilty plea to the offenses upon which the forfeiture allegations are based and his written agreement to the forfeiture of the assets listed in the Superseding Indictment, as well as the evidence presented by the Government, the United States has established the requisite nexus between the property and such offenses. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2323, 21 U.S.C. § 853, 18 U.S.C. § 982, and 28 U.S.C. §2461(c).

4. This Court has further determined, based upon evidence presented by the Government and pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the amount of $2,120,000.00 represents the amount of gross proceeds involved in the Defendant's commission of the offenses charged in the Superseding Indictment and to which he pled guilty.

5. The Government has moved to strike and dismiss the following items from the forfeiture allegations of the Superseding Indictment as those items have been

administratively forfeited by the U.S. Drug Enforcement Administration:

    (a)    $45,910.56 in U.S. currency located in Navy Federal Credit Union Account 702973172;

    (b)    One 2017 Toyoto RAV4, VIN No. 2T3BFREV5HW647548;

    (c)    64,551.109 Ark Coins; and

    (d)    1,036 Neo coins.

The proceeds from the disposal of the above items, after deduction of the costs and expenses of the U.S. Marshals Service and the U.S. Drug Enforcement Administration, in connection with the maintenance and disposal of said assets, will be credited towards the defendant's money judgment.

6.    The Government has also moved to strike and dismiss the following items from forfeiture as they have been determined to have insufficient value to justify forfeiture:

    (e)    47.3147 GAS coins;

    (f)    103.6 Ontology coins;

    (g)    1,000 MCT.

7.    In addition, although not identified in the Superseding Indictment, the U.S. Drug Enforcement Administration has seized and administratively forfeited the following additional items:

    (a)    assorted manufacturing machinery and equipment; and

    (b)    two watches (18-DEA-642443).

The proceeds from the disposal of these items, after deduction of the costs and expenses of the U.S. Marshals Service and the U.S. Drug Enforcement Administration, in connection with the maintenance and disposal of said assets, will also be credited towards the money judgment entered against the defendant.

NOW THEREFORE, in consideration of the Government's Motion, the defendant's agreement to forfeiture and the evidence presented by the Government, the Court FINDS and ORDERS as follows:

    A.    A money judgment in the amount of $2,120,000.00 is hereby entered against the Defendant, Stephan Caamano, and in favor of the United States pursuant to Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.

    B.    All right, title, and interest in the following assets is hereby forfeited to the United States subject to the provisions of 18 U.S.C. § 2323, 21 U.S.C. § 853; 18 U.S.C. § 982 and 28 U.S.C. §2461:

    (1) One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments, and easements thereon, and all rights appertaining thereto, located at 1510 Glenshire Drive, Champaign, Illinois; and legally described as:

> Lot 132 in Glenshire Subdivision No. 1, Champaign County, Illinois as per Plat recorded July 6, 1988 in Plat Book "AA" at Page 221 as Document No. 88R14236, situated in Champaign County, Illinois.

  (2) 1.3 Million Globitex tokens;

  (3) 350.7645 Ethereum coins;

  (4) the contents of the Ethereum cryptocurrency wallet with identification number 0xc4ad01fed02c48e8230b0971642c7da19b423f3;

  (5) one (1) Lenovo Thinkpad computer, Serial No. PEREZ:-0QGV1S;

  (6) one (1) Lenovo YB1-0S90F tablet;

  (7) one (1) ADATA USB hard drive, Serial No. 1D2220085976;

  (8) one (1) Fujitsu USB hard drive, Serial No. K94NT9525TT3;

  (9) one (1) Intel NVMe SSD hard drive, Serial No. BTPY640507PT256D;

  (10) CyberPower PC computer tower, Serial No. AB2128-805991-4; and

  (11) the contents of all other cryptocurrency wallets contained on above computers, hard drives, and computer.

The proceeds from the disposal of the foregoing assets and those assets administratively forfeited, after deduction of the costs and expenses of the U.S. Marshals Service and the U.S. Drug Enforcement Administration in connection with the maintenance and disposal of said assets, shall be credited towards the money judgment entered against the defendant.

C. Pursuant to Rule 32.2 (b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order and the government's intent to dispose of the property in the manner prescribed by the Attorney General, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on John D. Hoelzer, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. Publication may consist of posting notice for a period of thirty days on www.forfeiture.gov, an internet site maintained by the U.S. Department of Justice.

D. The United States may seize the specific property subject to forfeiture, whether held by the defendant or a third party, and undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture.

E. The following assets are hereby stricken and dismissed from the forfeiture allegations of the Superseding Indictment:

7

  (1) $45,910.56 in U.S. currency located in Navy Federal Credit Union Account 702973172;

  (2) One 2017 Toyoto RAV4, VIN No. 2T3BFREV5HW647548;

  (3) 64,551.109 Ark Coins;

  (4) 1,036 Neo coins;

  (5) 47,3147 GAS coins;

  (6) 103.6 Ontology coins; and

  (7) 1,000 MCT.

 F. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. §§ 853(e)(4) and 853(g), and in order to preserve the value of the defendant's cryptocurrency and ensure that it is available to satisfy the forfeiture money judgment, the defendant shall take whatever steps are necessary to ensure that all of his cryptocurrency is transferred to the custody and control of the United States, including, but not limited to, providing the Drug Enforcement Administration and the United States Marshals Service with any and all private keys and/or recovery seeds associated with his cryptocurrency.   The United States Marshals Service is authorized to take custody of the defendant's cryptocurrency pending further forfeiture proceedings.

 G. The United States District Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

 H. The Clerk of the Court shall forward three certified copies of this Order to

the United States Attorney's Office, Central District of Illinois, Attention: Assistant U.S. Attorney John D. Hoelzer.

    I.   Upon adjudication of all third-party interest, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c)(2).


SO ORDERED:

Dated: October 11, 2019

                                             s/ Michael M. Mihm
                                       U.S. District Judge Michael M. Mihm