UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 18-cr-20031 |
| STEPHAN CAAMANO, | |
| Defendant. | |

**MOTION FOR REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. AMENDMENT 821**

The Defendant, Stephan Caamano, by his attorney, Assistant Federal Defender Thomas A. Drysdale, files this Motion for a Reduced Sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821. In support thereof, he states the following:

**I.      Background**

In April 2023, the Sentencing Commission submitted amendments to the Guidelines for Congressional approval. First, the Commission amended Guidelines Section 4A1.1(d). U.S. Sent'g Guidelines Manual Amend. 821 (U.S. Sent'g Comm'n 2023). Pursuant to Amendment 821, district courts could no longer add two additional criminal history points when the offense of conviction was committed by the defendant while under any criminal justice sentence. *Id.* Instead, a defendant would receive only one additional point "if the defendant (1) receives 7 or more points . . . and (2) committed the

1

instant offense while under any criminal justice sentence. . .." *Id.* If a defendant receives 6 or fewer points, no additional points are added. *Id.*

Amendment 821 also amended Chapter 4 of the Guidelines by adding a new section addressing certain "Zero-Point Offenders." The new U.S.S.G. § 4C1.1 provides for a two-point reduction in the defendant's offense level if they meet all the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1(a). The Sentencing Commission also proposed making both Amendments retroactive. *See* U.S. Sent'g Guidelines Manual Amend. 825 (U.S. Sent'g Comm'n 2023). Congress did not modify or change the amendments, so both went into effect on November 1, 2023. *See* U.S.S.G. §§ 4A1.1, 4C1.1.

Congress has given the Court the authority to modify a term of imprisonment after it has been imposed in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and the Commission has designated the relevant change as retroactive. Any such sentence reduction must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

In this instance, the applicable policy statement is found at U.S.S.G. § 1B1.10. To be "consistent" with Section 1B1.10, the Court must first determine that the defendant is eligible for a sentence reduction or, in simple terms, that Amendment 821 reduced the defendant's Guideline range. U.S.S.G. § 1B1.10(a)(1)-(2). Assuming that the defendant's Guideline range has been reduced by the relevant Amendment, Section 1B1.10 says that when determining whether to grant a sentence reduction under § 3582(c)(2), the Court shall "determine the amended guideline range that would have been applicable to the defendant had the relevant amendment [and all other applicable retroactive amendments listed in U.S.S.G. § 1B1.10(d)] been in effect at the time of the initial sentencing," then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the

reduction authorized [by the amended guidelines range] is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

Aside from applying the relevant part of Amendment 821, the Court "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1); *see also id.* § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing."). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

In short, Section 3582(c)(2) establishes a two-step inquiry. "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826.

## II.  Factual and procedural history.

On October 2, 2018, a seven-count superseding indictment was filed against Mr. Caamano in the U.S. District Court. R. 22. Count 1 charged Mr. Caamano with trafficking in a drug and knowingly using a counterfeit mark on such drug in violation of 18 U.S.C. § 2320(a)(4). *Id.* Counts 2 and 3 charged Mr. Caamano with distribution of a controlled substance in violation of 21 U.S.C. § 841(a) and 841(b)(2). *Id.* Counts 4 and 5 charged Mr. Caamano with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *Id.* Finally, Counts 6 and 7 charged Mr. Caamano with engaging in a monetary transaction

4

with property derived from criminal activity in violation of 18 U.S.C. § 1957(a) and (d)(1). *Id.* On April 19, 2019, Mr. Caamano pled guilty to all seven counts. PSR ¶ 6.

At the time of sentencing, Mr. Caamano faced no mandatory minimum sentence. PSR ¶ 88. Under the Guidelines, all counts of conviction grouped together. PSR ¶ 38. Mr. Caamano's base offense level under U.S.S.G. § 2S1.1 was 34. After two, two-point upward adjustments and a three-point downward adjustment for acceptance of responsibility, Mr. Caamano had a total offense level of 35. *Id.* at ¶ 50. He had a criminal history category of I based on 0 criminal history points. *Id.* at ¶ 54. Accordingly, with a total offense level of 35 and a criminal history category of I, Mr. Caamano's Guideline range was 168-210 months. PSR ¶ 89.

On January 8, 2020, the Court imposed a below-Guideline range sentence of 156 months' imprisonment. R. 53. Mr. Caamano was also sentenced to three years of supervised release on each count of conviction. *Id.* Mr. Caamano has been in incarcerated, without incident, for 68 months.[1] His current release date is June 25, 2027.[2]

## III. The parties agree that Mr. Caamano is eligible for a reduced sentence.

The parties, through the undersigned and Assistant United States Attorney Bryan Freres, have agreed that Mr. Caamano meets all the requirements of a zero-point offender and therefore qualifies for a reduced sentence. Probation has filed a worksheet agreeing

---

[1] The PSR notes Mr. Caamano's date of custody as May 29, 2018. *See* PSR at p. 2.

[2] https://www.bop.gov/inmateloc/ (accessed February 2, 2024).

that Mr. Caamano is eligible for a reduction. R. 70. The only remaining question is whether a sentence reduction in this case is consistent with the factors set for in Section 3553(a).

### IV. The Court should reduce Mr. Caamano's term of imprisonment to 135 months.

Stephan Caamano has no criminal history. He has spent nearly six years in the bureau of prisons without incurring a single disciplinary infraction. R. 70. At the same time, he has obtained his GED, completed drug education and RDAP, and taken courses in financial responsibility. *Id.* The Court, initially, deemed it appropriate to sentence Mr. Caamano to a below-Guideline range sentence based on his lack of criminal history as well as his difficult childhood. *Id.* It is unclear why the government is opposing this relatively straightforward Amendment 821 reduction to reflect a sentence that is less than the Court's original Guideline departure. What is clear, however, is that there is no basis for the opposition.

Based on the agreement regarding eligibility, Mr. Caamano does not anticipate any dispute over the now-applicable Guideline range. Pursuant to Amendment 821, because Mr. Caamano is a zero-point offender, his offense level is decreased by 2-levels. *See* U.S.S.G. § 4C1.1(a). This results in a total offense level of 33 and, because he has no criminal history score, a criminal history category of I. Mr. Caamano's Guideline range has therefore been reduced from 168-210 to 135 to 168 months. Probation agrees. R. 70.

By opposing Mr. Caamano's motion, the government is asking this Court to sentence him to a mid-to-upper-end of the Guideline sentence, ignore its original variance, and put Mr. Caamano in a *significantly* worse position than he would be if he were sentenced today as a zero-point offender for the exact same conduct. There is no justification for such a request.

To the extent the government intends to rely on the fact that the Court already accounted for Mr. Caamano's lack of criminal history in its original sentence, that argument supports Mr. Caamano's motion. Consider what would happen if Mr. Caamano were brought before the Court today. He would have a Guideline range of 135 to 168 months' imprisonment with no criminal history and a troubled childhood. R. 70. Considering that the Court originally varied below the Guideline range based on the same, *at worst* Mr. Caamano would be looking at a bottom-end of the Guideline range sentence of 135 months – precisely what he now asks the Court to impose.

Yet, the Court varied below the Guideline range not only based on Mr. Caamano's non-existent criminal history, but also his troubled childhood. R. 70. It imposed a sentence of 156 months when the bottom-end of the range was 168 months – a variance of approximately 7%. R. 70. So, Mr. Caamano would likely receive a sentence of approximately 126 months today, which is 7% below the bottom-end of the now-applicable 135-month Guideline range. The Guidelines, however, prohibit Mr. Caamano from asking the Court to take that into account in the instant motion. *See* 1B1.10(b)(2)(A) (prohibiting

7

the Court from reducing a sentence below the bottom-end of the now-applicable Guideline range).

Thus, Mr. Caamano, by operation of the Guidelines, is already in a worse position than what he would likely face today by not being eligible for a below Guideline range sentence. Yet, this is insufficient for the government, who now seeks to ignore the Court's original variance and place Mr. Caamano in an even worse position through its request for a mid-to-upper end of the Guideline range sentence. Such a request is neither justified nor consistent with any factor articulated in Section 3553(a). In fact, the government's opposition is contradictory to Section 3553(a)(6), as it treats Mr. Caamano more harshly than other similarly situated defendants who commit the exact same crimes today. *See* 18 U.S.C. § 3553(a)(6).

The government certainly cannot rely on Mr. Caamano's criminal history, nor can it rely on Mr. Caamano's prison disciplinary history, which is similarly nonexistent. Throughout his time in the BOP, Mr. Caamano has maintained perfectly clear conduct. R. 70. Similarly, he obtained his GED, completed drug education and RDAP, and completed courses in financial responsibility. *Id.* This post-sentencing conduct is highly relevant and specifically sheds light on whether Mr. Caamano will engage in future criminal conduct, a factor that the Court must consider when addressing his motion. *See Pepper v. United States*, 562 U.S. 476, 492 (2011); 18 U.S.C. § 3553(a)(2)(B)-(C).

Every other Section 3553(a) factor supports a sentence of 135 months as well. The requested sentence, which exceeds 11 years in prison, certainly reflects the seriousness of

the offense, deters others, protects the public from Mr. Caamano, and promotes respect for the law. 18 U.S.C. § 3553(a)(2). It is well within the kinds of sentences available and reflects the established Guideline range for this offense conduct and Mr. Caamano's non-existent criminal history. 18 U.S.C. § 3553(a)(3)-(4). Again, there is simply nothing in this record that would suggest that Mr. Caamano's motion should not be granted or that a Guideline-range sentence of 135 months is not appropriate.

The government, therefore, will likely rely on Mr. Caamano's offense conduct to the exclusion of all other Section 3553(a) factors. Yet even that cannot justify the denial of Mr. Caamano's motion. Yes, Mr. Caamano committed a serious offense that warrants punishment. However, the Guidelines now say that someone with Mr. Caamano's criminal history and his offense conduct should receive a sentence in the range of 135 to 168 months. Put simply, 135 months' imprisonment and the Guidelines reflect the seriousness of the offense. And again, it cannot be ignored that Mr. Caamano is requesting a Guideline sentence in a case where he originally received a below Guideline sentence while the government now seeks a sentence near the upper end of the applicable range.

Everyone agrees Stephan Caamano is eligible for Amendment 821 relief. He is requesting a Guideline range sentence in a case where he was originally sentenced below the bottom-end of the applicable range. He has no disciplinary history. Mr. Caamano is merely asking the Court for a sentence that is consistent with what he originally received and, perhaps more importantly, to reject the government's request for a significantly

*higher* sentence than he originally received. Mr. Caamano does not deserve to be treated more harshly than he originally was just because the Sentencing Commission passed an Amendment that is designed to reduce the sentences for individuals with his criminal history. Every Section 3553(a) factor supports granting Mr. Caamano's motion and reducing his sentence to 135 months' imprisonment.

WHEREFORE, Mr. Caamano respectfully request that this Court grant his Motion and reduce his term of imprisonment to 135-months on each of Counts 1, 4, and 5. He asks that all other aspects of the original judgment remain unchanged.

Respectfully submitted,

STEPHAN CAAMANO
Defendant

BY: s/ Thomas A. Drysdale
THOMAS A. DRYSDALE
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
Fax: 217-373-0667
Email: Thomas_Drysdale@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Thomas A. Drysdale
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
Fax: 217-373-0667
Email: Thomas_Drysdale@fd.org